While I agree with the majority's holding that the trial court made the requisite findings for a maximum sentence on the record at the sentencing hearing, I respectfully dissent and disagree with the majority's implied holding that the trial court properly stated its reasons for imposing that maximum sentence. The trial court never stated any reasons, either at the sentencing hearing or in the journal entry, for making the requisite findings. The trial court's reference in its journal entry to its consideration of the record and statements of counsel is wholly inadequate as a statement of reasons in support of the court's findings that Defendant committed the worst form of the offense and/or possessed the greatest likelihood of recidivism. Moreover, I have consistently held that findings and reasons, where required, must be made on the record at the sentencing hearing. See State v. Riggs (Oct. 11, 2000), 9th Dist. No. 19846 (Whitmore, J., concurring in part, dissenting in part). See, also, State v. Edmonson (1999), 86 Ohio St.3d 324, 329. Although the transcript of proceedings contains testimony from the victims and indicates that Defendant had a prior criminal background, the trial court did not assign these as reasons for imposing the maximum sentence.
Therefore, I would respectfully reverse and remand for resentencing.